IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY SCOTT, # N-92280, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-16-GPM |
| | ) |
| ANGEL RECTOR, T. PEEK, | ) |
| NURSE BULLOCK, DR. SHAH, | ) |
| NURSE GEAIL, WARDEN GAETZ, | ) |
| and SHERRY BENTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Tony Scott, is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), and has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a six year sentence for burglary. He claims Defendants were deliberately indifferent to his serious medical condition.

More specifically, Plaintiff asserts that he suffers from cervical stenosis, and had three discs surgically removed from his spine before he was sentenced to prison. He needs to have two more discs removed, and suffers from severe chronic back pain. According to Plaintiff, he was taking several prescription medications for pain before going to prison, and while he was in the Cook County Jail (Doc. 1, p. 7). Plaintiff arrived at Pinckneyville on June 26, 2012, and although he has repeatedly complained to the medical professional Defendants of his severe pain, they have failed to provide him with any pain medication. He filed grievances with Defendants Gaetz (Pinckneyville Warden) and Benton (Administrative Review Board), but the grievances were either returned to Plaintiff or forwarded to the Pinckneyville Health Care Unit (Doc. 1, p.

9).

Plaintiff requested Defendants Geail,[1] Rector, Peek, and Bullock (all nurses) for a referral to see the doctor for pain medication. However, Plaintiff never received a referral and he still has not been allowed to see a doctor about his back pain (Doc. 1, p. 8).

On one occasion, Plaintiff visited Defendant Dr. Shah (August 7, 2012; Doc. 1-1, p. 22), but Dr. Shah refused to listen to Plaintiff's complaints about his back pain and provided no treatment. When Plaintiff saw Defendant Geail a few days later, she offered him some unidentified pills "out of her hand" (Doc. 1, p. 7; Doc. 1-1, p. 24). Plaintiff seems to imply that he did not take these pills. He also complains that he was charged a $5.00 co-pay for each nurse and doctor visit, despite seeking treatment for a "chronic condition" as defined under state statute and IDOC rules. (730 ILL. COMP. STAT. 5/3-6-2(f)) (Doc. 1, p. 7).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable claim against Defendants Rector, Peek, Bullock, Shah, and Geail for deliberate indifference to medical needs (Count 1).

However, the alleged overcharge of medical co-payments (Count 2) fails to state a claim upon which relief may be granted, and shall be dismissed. An inmate's constitutional rights are not violated by the collection of a fee for prison medical or dental services. Whether or not a statutory exemption should apply to the co-payment rule (such as for a chronic condition) is a question of state law, not cognizable in a § 1983 action. *Poole v. Isaacs*, --- F.3d ----, 2012 WL 6720508, at *3 (7th Cir., Dec. 28, 2012) ( "the imposition of a modest fee for medical services, standing alone, does not violate the Constitution"). Accordingly, this claim belongs in state

---

[1] Plaintiff refers to this Defendant as "Nurse Geail" in the complaint's caption and list of parties, but as "Nurse Gail" in the body of the complaint. It is apparent that these references are to a single individual.

court, not federal court. Yet, it is not the job of judges to also serve as tutors for litigants. The goal here is to determine whether Plaintiff has articulated a colorable federal claim – he has not. This claim must be dismissed *with prejudice*.

The claims against Defendants Gaetz and Benton for failing to respond to Plaintiff's grievances are dismissed on initial review. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). Plaintiff thus has no claim against Defendants Gaetz or Benton, merely because they did not adequately respond to his grievances and complaints about the lack of treatment for his medical needs.

Furthermore, if a prisoner is under the care of prison medical professionals, then the non-medical prison officials "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). For these reasons, Plaintiff fails to state a cognizable claim against Defendants Gaetz and Benton.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

Plaintiff's motion for service (Doc. 4) is **GRANTED IN PART AND DENIED IN**

**PART.** Service shall be ordered below for those Defendants who remain in the action; however, the dismissed Defendants shall not be served with process.

**Disposition**

**COUNT 2** is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Defendants **GAETZ** and **BENTON** are **DISMISSED** from this action **with prejudice**.

The Clerk of Court shall prepare for Defendants **RECTOR, PEEK, BULLOCK SHAH,** and **GEAIL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson- for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** February 15, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge